[Cite as *In re E.C.*, 2014-Ohio-4340.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re E.C., A.C.

Court of Appeals No. L-14-1085

Trial Court No. 13232242

**DECISION AND JUDGMENT**

Decided: September 26, 2014

* * * * *

Gary L. Smith, for appellant.

Alan J. Lehenbauer, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** This accelerated appeal is before the court following the April 15, 2014 judgment of the Lucas County Court of Common Pleas, Juvenile Division, which denied appellant-respondent's objections to the magistrate's decision and approved the mediation agreement of the parties allowing visitation and companionship between the

appellant-respondent's minor children and their paternal grandmother. Because we find that the mediation agreement resolved the dispute between the parties, we affirm.

{¶ 2} This action commenced on April 24, 2013, with the petition to establish visitation and companionship rights filed by appellee-petitioner, paternal grandmother of E.C., born in 2010, and A.C., born in 2011, following the death of their father in 2012. Appellant opposed the petition first arguing that R.C. 3109.11, providing visitation to grandparents when the parent is deceased, is unconstitutional as applied to the facts of the case. Alternatively, appellant argued that appellee's right to visitation, if such right were established, should be limited to a few hours per month and conducted according to respondent's schedule and conditions.

{¶ 3} On August 19, 2013, the matter proceeded to a hearing on the petition. On September 16, 2013, the magistrate found in favor of appellee and granted visitation starting with Sundays only at a neutral location for a limited duration and ultimately building up to the second weekend of each month from Saturday at 9:00 a.m. until Sunday at 5 p.m. and Christmas Eve from 10 a.m. until 8 p.m. Appellant filed objections to the magistrate's decision.

{¶ 4} While the objections were pending, the parties entered into an interim mediation agreement. The agreement provided for four supervised visitation dates and stated that the parties would attend a second mediation on March 7, 2014. The agreement was approved by the court and filed into the record on February 13, 2014.

2.

{¶ 5} Following the second mediation, an agreement was filed with and approved by the court. The mediation report indicated that the agreement was a "complete" agreement between the parties. The agreement provided that appellee be granted unsupervised visitation on the third weekend of each month from 3:00 p.m. Saturday until 5:00 p.m. Sunday. If a holiday or one of the children's birthday was that weekend, visitation would be held on the second weekend of the month. The agreement was signed by the parties and appellant's attorney and provided, in part:

BY SIGNING BELOW, PARTIES AGREE THAT THIS AGREEMENT IS FAIR, EQUITABLE, AND IN THE BEST INTEREST OF THE CHILD(REN). PARTIES SUBMIT THEIR AGREEMENT TO THE COURT FOR APPROVAL. FURTHER, PARTIES ACKNOWLEDGE AND UNDERSTAND THAT THEY ARE BOUND BY THE TERMS OF THIS AGREEMENT UNLESS OTHERWISE MODIFIED BY COURT ORDER. (Emphasis in original.)

{¶ 6} On April 11, 2014, the trial court denied appellant's objections to the magistrate's decision finding that based upon the mediation agreement, the objections were moot. On April 15, 2014, the court approved the agreement of the parties and found that the agreement was in the best interests of the children. This appeal followed and appellant raises the following two assignments of error:

I. The trial court's application of O.R.C. Section 3109.11 when applied to the facts of this case is an unconstitutional infringement upon

3.

appellant's fundamental liberty interest in the care, custody and control of her children.

II. The trial court erred in declaring the respondent's objection to the magistrate's decision as being moot.

{¶ 7} We will first address appellant's second assignment of error. Appellant argues that the trial court erred when it found that the mediation agreement resolved the dispute between the parties. In this assignment of error, appellant asserts that she only entered into the agreement to prevent the court from imposing a less favorable schedule. Appellant claims that she "clearly stated on several occasions" that she intended to appeal an unfavorable decision.

{¶ 8} As set forth above, the mediation agreement signed by appellant clearly stated that she agreed to be bound by the terms of the agreement; there is no evidence in the record of a contrary intent or belief. She was also aware that only the court could modify the order. Further, the trial court, in finding that the agreement was in the best interest of the children, had before it the magistrate's decision as well as the transcript from the August 19, 2013 hearing. Accordingly, we cannot say that the trial court erred when it found the objections moot and further found the agreement to be in the best interest of the children. Appellant's second assignment of error is not well-taken.

{¶ 9} Appellant's first assignment of error argues that the grandparent visitation statute, R.C. 3109.11, is unconstitutional as applied to the facts of this case. Appellant

4.

specifically contends that the court failed to give "special weight" to her wishes regarding the petition as required under the statute.

{¶ 10} We first note that the magistrate did, in her judgment entry, plainly state that under R.C. 3109.11, in considering the best interests of the children, the court was "required to give special consideration or weight to the wishes and concerns of the child/ren's parent concerning that relative visitation." The magistrate then specifically found that appellant was withholding visitation not based on the children's best interests but due to "anger and vindictiveness."

{¶ 11} Following the decision, appellant entered into the mediation agreement which provided that the signed agreement was in the best interest of the children. Based on these facts, appellant cannot now complain that the court unconstitutionally failed to give "special weight" to her wishes in determining the best interests of her children. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 12} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                JUDGE

Stephen A. Yarbrough, P.J.

                                  _____
James D. Jensen, J.                             JUDGE
CONCUR.

                                  _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.